Curia per
Nott, J.
The grounds on which leave to enter up the judgment in this case was refused, appear to be,
First: That ■ the Defendant was, from intemperance, incapable of doing business at the time the confession was taken.
Secondly: That the confession was obtained by fraud.
Thirdly : That the Plaintiff’s demand arose upon a bond, and the confession of judgment was on a declaration on an insimul computassent.
The first is a ground to which the Court will not lend a very ready ear. — If people will voluntarily incapacitate themselves from doing their ordinary business, they must take the consequences of their imprudence. They have no right to call upon this Court to protect them from all the consequences of intemperance and folly.
If, to be sure, one man takes the advantage of another when in a state of intoxication, to commit a fraud upon him, he will be entitled to relief from such fraud. But there is no direct charge of fraud in this case — and the affidavits to that point, as well as those to the intoxication, are so completely rebutted by the, counter affidavits, as at least to neutralize that charge. The question then resolves itself into the simple ground of the informality of the declaration.
But the irregularity does not appear to me to be of such a nature as to vitiate the proceedings. These parties may probably have had extensive dealings. I observe among the papers accompanying the declaration, a memo *285 randum of a balance for which the judgment is confessed, arising from various accounts and transactions. And although the demand of the Defendant may have been on a bond, yet there may have been various payments and accounts, which, when they come to account together, left that balance which the Defendant, promised to pay, and for which he has confessed a judgment. — 2 Chit. 343; Foster vs. Allanson, 2 Term Rep. 479.
But certainly the Defendant had a right to waive the irregularity, if there was one, and he has done so by confessing judgment.
It is not pretended that the claim is unfounded, or that the Defendant has confessed a judgment for more than is actually due. But, beside:.-, this is not the way to try the grave questions which are now submitted to the Court. It does not appear at whose instance this application is made. If at the instance of the Defendant, signing the judgment does not deprive him of his remedy — If at the instance of the creditors, they have also a more ample remedy, if there is any fraud in the transaction.
The order of the Court below is therefore reversed, and the Clerk of the Court is directed to record the judgment as of the date of the confession.

Motion granted 

(a)

 See Laws on Pleading, 450, 488.